IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 19-cv-01581-RBJ

KEGAN DRAGOMAN,

    Plaintiff,

v.

MIDWEST HOSE AND SPECIALTY, INC., an Oklahoma Corporation,
APPLIED US ENERGY, INC., d/b/a Reliance Industrial Products, an Ohio Corporation,
MOUNTAIN STATES PRESSURE SERVICES, INC., Wyoming for profit Corporation,
JOHN DOES and
JOHN DOE CORPORATIONS,

    Defendants.

---

ORDER ON DEFENDANT MOUNTAIN STATES' MOTION TO DISMISS

---

This matter is before the Court on defendant Mountain State Pressure Services' motion to dismiss. ECF No. 77. For the reasons discussed below, defendant's motion is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

The following facts are taken as true from plaintiff's complaint and response to defendant's motion. Additionally, procedural facts come from the Court's electronic filing system.

At all times relevant to this case, plaintiff worked at Crown Well Services, LLC. ECF No. 62 at 4. On June 7, 2018 plaintiff was using a hose manufactured by defendant Midwest Hose and Specialty, Inc. ("Midwest Hose") to perform what is known as a bleed-down procedure. *Id*. at 5. Plaintiff was involved in safety checks of the equipment and was careful

1

while performing this task. *Id.* He completed this task in a "slow, methodical fashion to prevent shocking the equipment with the nitrogen pressure in the well." *Id.* Despite plaintiff's apparent precautions, the hose separated and ruptured. *Id.* Plaintiff was near the explosion when it occurred and suffered several injuries. *Id.* Plaintiff filed suit against numerous defendants and alleges both strict products liability and negligence. Plaintiff only alleges negligence against defendant Mountain States. *Id.* at 12.

Plaintiff filed his initial complaint on June 3, 2019. ECF No. 1. The initial complaint listed Midwest Hose as the sole defendant. *Id.* This matter was assigned to Magistrate Judge Varholak on June 5, 2019. ECF No. 10. Midwest Hose did not file a responsive pleading before the deadline, and on July 23, 2019 plaintiff moved for entry of a default. ECF No. 17. A Clerk's default was promptly entered on July 26, 2019. ECF No. 18. On August 9, 2019, plaintiff moved for a default judgment in an unspecified amount and requested a hearing. ECF No. 20. Because the case involved a potential default judgment, the case was then reassigned to this Court. ECF No. 23.

The Court scheduled a hearing on the motion for December 13, 2019. ECF No. 25. However, on October 8, 2019 Midwest Hose filed a motion to set aside the default, claiming excusable neglect due to an oversight by its liability insurer, and it tendered an answer to the complaint. ECF Nos. 28, 29. Plaintiff opposed the motion, ECF No. 32, but on October 31, 2019 the Court granted the motion and vacated the hearing. ECF No. 33.

On March 18, 2020 plaintiff filed a motion to amend his complaint, which the Court granted on March 19, 2020. ECF No. 46, 47. Plaintiff filed the amended complaint on March 19, 2020. ECF No 48. The amended complaint listed Applied US Energy Inc dba Reliance

Industrial Products ("Reliance") as a second defendant. *Id.* Midwest Hose filed its answer to the amended complaint on March 31, 2020, and Reliance filed its answer on May 19, 2020. ECF No. 49, 53.

On July 16, 2020 defendants filed an unopposed joint motion for leave to designate non-parties at fault. ECF No. 54. Defendants designated "Mountain State Pressure Services d/b/a Northern States Pressure Services" ("Mountain States") as a non-party at fault on July 16, 2020. On July 20, 2020, four days after defendants designated Mountain States as a non-party at fault, plaintiff filed another motion to further amend his complaint. ECF No. 57. The Court granted plaintiff's motion, and plaintiff filed his second amended complaint on July 28, 2020. ECF No. 62. In the second amended complaint Mountain States was listed as a third defendant.

Mountain States filed a motion to dismiss and argued that plaintiff's claim was time-barred because the statute of limitations expired on June 8, 2020. Plaintiff filed his response to Mountain States' motion to dismiss on October 6, 2020. ECF No. 80. Defendant filed its reply on October 9, 2020. ECF No. 81. The Court scheduled a telephonic oral argument, and the parties argued their positions on November 4, 2020. The matter is now ripe for review.

The ongoing global pandemic is also factually relevant to this case. Three months before plaintiff's statute of limitations expired, a global pandemic emerged. In March 2020 COVID-19 made its way to Colorado and life as we knew it came to a grinding halt. This Court was affected by the pandemic—as was everyone. Trials were continued, the Court's staff began working from home, and hearings were conducted virtually. Additionally, many businesses instructed their employees to begin working primarily from home, including the law firm representing plaintiff. While it took everyone time to adapt to this new normal, courts remained

3

open. Litigation continued, and parties were able to file motions, pleadings, and briefs via the court's electronic filing system.

## II. ANALYSIS.

Mountain States argues that the Court should dismiss the claim against it because the statute of limitations expired before plaintiff filed his claim. ECF No. 72 at 1; ECF No. 77. The parties agree that Colorado law applies because "[a] federal court sitting in diversity applies the substantive law of the state where it is located, including the state's statute of limitations." *Elm Ridge Expl. Co., LLC v. Engle*, 721 F.3d 1199, 1210 (10th Cir. 2013). Plaintiff concedes that the statute of limitations expired but argues that this Court should equitably toll the limitations period. However, before I reach the equitable tolling issue, I must determine whether defendant may raise the statute of limitations issue in a motion to dismiss.

### A. Whether Raising a Statute of Limitations Defense in a Motion to Dismiss is Proper.

Federal courts sitting in diversity jurisdiction must apply state substantive law and federal procedural law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Substantive law is law that affects the parties' rights and obligations. *Byrd v. Blue Ridge Rural Elec. Co-op. Inc.*, 356 U.S. 525, 525 (1958). Procedural law is that which affects only the mode or form of how information is presented to the Court. *Id.* at 536.

Here, the Court has diversity jurisdiction. Accordingly, the Court must apply Colorado substantive law and federal procedural law. Plaintiff argues that it is inappropriate for defendant to raise the statute of limitations affirmative defense in a motion to dismiss. Plaintiff cites to two Colorado cases—a Colorado Court of Appeals case and a Colorado Supreme Court case—that

suggest that "a defendant in a civil case may not raise the statute of limitations by means of a motion to dismiss . . . ." *Lavarato v. Branney*, 210 P.3d 485, 488 (Colo. App. 2009); *see also Smith v. Kent Oil Co.*, 261 P.3d 149 (Colo. 1953). By relying on state law, plaintiff incorrectly suggests that this issue—whether defendants may raise the statute of limitations defense in a motion to dismiss—is a question of substantive law. However, rules about when and how a defendant may raise certain claims is procedural; i.e., such rules affect only the mode or form of how information is presented to the court, not the parties' rights or obligations. Federal law thus applies.

In *Radloff-Francis v. Wyoming Medical Center, Inc.,* the Tenth Circuit addressed the exact issue before this Court. The Tenth Circuit rejected plaintiff's argument that defendants were not permitted to raise the statute of limitations issue in a Rule 12 motion. 524 Fed. App'x 411 (10th Cir. 2013) (unpublished). The *Radloff-Francis* court wrote

> [i]n lieu of an answer, a defendant may move to dismiss under Rule 12(b) . . . . And although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right being sued upon has been extinguished.'

*Id.* at 412–13 (quoting *Aldrich v. McCulloch Props.*, Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

Here, the dates given in the complaint make clear that (1) the cause of action accrued on June 7, 2018, and (2) the amended complaint against Mountain States was filed on July 28, 2020—fifty days after the limitations period expired. The complaint thus makes clear that the right upon which plaintiff sued Mountain States was extinguished before plaintiff filed his claim. Based on *Radloff-Francis* and *Aldrich*, I reject plaintiff's argument. Defendant appropriately raised the statute of limitations issue in its motion to dismiss.

### B. Whether the Statute of Limitations Should be Equitably Tolled Against Mountain States.

While plaintiff concedes that the action against Mountain States was filed late, he urges the Court to equitably toll the running of the limitations period. ECF No. 80. While much of the law is rigid in its application, the doctrine of equitable tolling recognizes the need for flexibility in certain circumstances. *Dean Witter Reynolds v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996) ("At times . . . equity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice."). When courts equitably toll the statute of limitations, they either delay the start of the tolling period or extend the tolling period to run beyond the date on which it would normally expire. *Morrison v. Goff*, 91 P.3d 1050, 1053 (Colo. 2004) (citing 51 Am.Jur.2d *Limitations of Actions* § 169 (2000)). The rationale for having statutes of limitations is to "promote justice, discourage unnecessary delay, and forestall prosecution of stale claims." *Dean Witter Reynolds*, 911 P.2d at 1096. However, courts recognize that rigidly applying limitations periods can sometimes produce unjust outcomes.

To prevent such injustice "courts may properly fashion an equitable exception to the limitations period" in certain circumstances. *Shell Western E&P, Inc. v. Dolores County Bd. Of Comm'rs*, 948 P.2d 1002 (Colo. 1997) (citing *Jafay v. Board of County Comm'rs*, 848 P.2d 892, 903 (Colo. 1993)). Colorado courts have repeatedly held that these circumstances are limited. *Escobar v. Reid*, 668 F. Supp 2d 1260, 1272 (D. Colo. 2009) ("Equitable tolling may save a plaintiff's claims from a statute of limitations defense, but, under Colorado law, courts rarely apply the doctrine."). Circumstances that permit equitable tolling include "situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly

extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Dean Witter Reynolds*, 911 P.2d at 1099.

Here, plaintiff first argues that the limitations period should be tolled because a confluence of factors, when viewed together, created extraordinary circumstances. ECF No. 80 at 9. Second, he argues that Mountain States "acted wrongly and hid or obfuscated important facts preventing its inclusion in this lawsuit during the normal limitations period." *Id.* I address each of plaintiff's contentions in turn.

    1. <u>Equitable tolling as a result of extraordinary circumstances</u>.

Colorado law permits courts to equitably toll the statute of limitations when "truly extraordinary circumstances prevented the plaintiff from filing his or her claim . . ." *Brodeur v. American Home. Assur. Co.,* 169 P.3d 139 (Colo. 2007) (quoting *Dean Witter Reynolds*, 911 P.2d at 1099.). However, an extraordinary circumstance on its own is insufficient to trigger equitable tolling. The *Dean Witter Reynolds* court acknowledged that extraordinary circumstances could require equitable tolling "so long as the plaintiff makes a good faith effort to pursue the claim." *Id.* The *Brodeur* court similarly stated that equitable tolling was warranted when "truly extraordinary circumstances prevented the plaintiff from filing his or her claim *despite diligent efforts*." 169 P.3d 139 (Colo. 2007) (quoting *Dean Witter Reynolds*, 911 P.2d at 1099)) (emphasis added). Therefore, the Court must determine whether (1) there is an extraordinary circumstance, and (2) whether plaintiff diligently tried to pursue his claims despite that circumstance.

Plaintiff argues that the following events prevented him from timely filing his claim against Mountain States: the onset of the COVID-19 global pandemic, Midwest Hose's delay in

responding to the complaint and the resulting default judgment, and this Court's vacating the default judgment against Midwest Hose.  *See* ECF No. 80.

    a. <u>Whether the procedural posture of this case creates an extraordinary circumstance</u>.

I begin with plaintiff's argument that the case's unusual procedural posture created an extraordinary circumstance.  Plaintiff contends that he was prevented from timely filing his claim because he stopped investigating other potential parties when a default was entered against Mountain States.  Defendants argue this does not rise to the level of an extraordinary circumstance.  I agree.

Colorado courts have repeatedly found no extraordinary circumstances where plaintiffs wait to file their claims because they are awaiting judicial outcomes in related cases.  *Brodeur*, 169 P.3d at 150 ("[This Court] has repeatedly held that awaiting the result of another case or another legal proceeding is not the type of 'extraordinary circumstance' necessary to equitably toll the statute of limitations."); *see also Dean Witter Reynolds*, 911 P.2d 1094 (holding that equitable tolling was inappropriate where plaintiff's delay in filing suit was a result of waiting for a related appellate case to resolve prior to filing suit); *Morrison*, 91 P.3d 500 (holding that the statute of limitations is not tolled for plaintiff's legal malpractice claim when he did not file suit until after the underlying criminal appeal concluded); *Noel v. Hoover*, 12 P.3d 328 (Colo. App. 2000) (holding that no extraordinary circumstance existed where plaintiff delayed bringing his malpractice claim against accountant while awaiting the outcome of a related IRS proceeding).

Here, plaintiff moved for a default when defendant Midwest Hose failed to timely file its answer.  A damages hearing was initially scheduled; however, the Court eventually set aside the

default and vacated the damages hearing.  As a result of defendant Midwest Hose's default, plaintiff's counsel only prepared for a hearing on damages.  ECF No. 80 at 3.  He writes,

> [p]laintiff did not work to retain any expert witnesses on liability or causation because there was no apparent need.  The plaintiff did not issue subpoenas to non-parties . . . or [conduct] other fact-finding mechanisms as those would have been an unjustifiable expense in a case where only damages needed to be proved . . .

*Id.*

The Court acknowledges that this case's procedural background is unusual.  However, it does not rise to the level of an extraordinary circumstance that would warrant this Court's tolling of the statute of limitations.  The *Brodeur, Dean Witter, Morrison,* and *Noel* cases all stand for the proposition that tolling the limitations period is inappropriate where a plaintiff delays filing suit while awaiting outcomes from related proceedings.  Here, plaintiff stopped investigating other claims and potential defendants because he was preparing for a damages hearing against Midwest Hose.  Plaintiff has presented no evidence as to why preparing for a damages hearing against one defendant would bar him from pursuing other potential claims against other defendants, including Mountain States.  Moreover, there was no guarantee that the Court would enter a default judgment; or that, if a default judgment were entered, what amount of damages it would award; or that the default judgment would not be set aside if excusable neglect or other cause were shown.

Furthermore, even assuming *arguendo* that the procedural background constituted an extraordinary circumstance, this Court still could not toll the limitations period based on timing considerations alone.  The Court denied plaintiff's motion for a default judgment against Midwest Hose on October 31, 2019.  ECF No. 33.  The statute of limitations did not expire until June 7, 2020.  Plaintiff has not satisfactorily explained why he could not discover the identity of

9

Mountain States in the eight-month period that existed between the Court's setting aside of the default and the expiration of the limitations period. *See* below. The procedural posture of this case, while somewhat unusual, did not create an extraordinary circumstance under Colorado law.

### b. Whether the COVID-19 pandemic is an extraordinary circumstance.

Plaintiff next argues that he was prevented from timely filing his claim against Mountain States because of the COVID-19 global pandemic. Plaintiff argues, "[a]fter the Court vacated the default, the Plaintiff resumed discovery and investigative efforts only to be severely impacted by the Covid-19 crisis causing a major halt in the progress of this case . . . . Plaintiff's office was turned upside down." Defendant again argues that this does not rise to the level of an extraordinary circumstance. I agree.

In *Dean Witter Reynolds* the Supreme Court of Colorado cited to cases where other courts tolled the limitations period due to extraordinary circumstances. In *Hanger v. Abbott*, the Supreme Court equitably tolled the statute of limitations when the plaintiff was precluded from filing suit because the Southern courts were closed during the Civil War. 73 U.S. 532 (1867). In *Seattle Audubon Soc'y v. Robertson*, the Ninth Circuit equitably tolled the limitations period where the district court enforced an unconstitutional statute in error, thereby barring plaintiff from filing suit. 931 F.2d 590 (9th Cir. 1991). In *Osbourne v. United States*, the Second Circuit found that justice required tolling the limitations period where plaintiff was unable to file suit as a result of being in a Japanese internment camp during World War II. 165 F.2d 767 (2d Cir. 1947). Following its discussion of these cases, the court concluded that "it is unfair to penalize the plaintiff for circumstances outside his or her control . . . ." *Dean Witter Reynolds*, 911 P.2d. at 1097.

This Court understands the severity of the global pandemic and the unprecedented circumstances it has created. While the pandemic is indubitably outside of plaintiff's control, the Court disagrees that it has resulted in an extraordinary circumstance requiring equitable tolling. First, the facts here are distinguishable from *Hanger*, *Seattle Audubon Society*, and *Osbourne*. In all three of those cases, it was *impossible* for the plaintiffs to timely their claims. Unlike the courts in *Hanger*, the courts here have remained open and the judiciary's electronic filing system made it possible for plaintiff to file his claim against Mountain States despite the global pandemic. Unlike the plaintiff in *Seattle Audubon Society*, the Court did nothing to prevent plaintiff from filing his claim. Finally, plaintiff was not physically restrained and therefore unable to file his claim like the plaintiff in *Osbourne*. While the onset of the global pandemic has undoubtedly made litigation look different, nothing about COVID-19 precluded plaintiff from accessing the courts or filing his claim.

Additionally, the second prong of the extraordinary circumstances analysis requires courts to consider whether plaintiff diligently pursued his claims despite the extraordinary circumstance. *See Noel*, 12 P.3d at 330. The Court finds that plaintiff was not diligently pursuing his claim against Mountain States. Plaintiff admits that he stopped all investigation into other claims and defendants once Midwest Hose defaulted. Furthermore, as mentioned at length above, plaintiff has not explained why he could not file his claim against Mountain States between October 31, 2019, when the court set aside the default, and March 2020, when the pandemic took hold in Colorado.

Therefore, even if COVID-19 were an extraordinary circumstance, plaintiff's lack of diligence in pursuing his claim against Mountain States precludes equitable tolling in this case.

11

2. Equitable tolling as a result of defendant's alleged wrongful conduct.

Colorado law also permits courts to equitably toll the limitations period when the defendant's wrongful conduct prevents the plaintiff from timely filing his claim. *Brodeur*, 169 P.3d at 149. The underlying rationale is that it would be unjust to permit a defendant to benefit from his own wrongdoing. *Garrett v. Arrowhead Imp. Ass'n.*, 826 P.2d 850, 854 (Colo. 1992) (citing *Strader v. Beneficial Finance Co.*, 551 P.2d 720, 724 (Colo. 1976)).

Colorado courts have applied equitable tolling in cases where a defendant's wrongful conduct prevented plaintiffs from timely filing claims. In *Klamshell v. Berg*, the Supreme Court of Colorado equitably tolled the one-year statute of limitations for assault based on the defendant's wrongful conduct. 441 P.2d 10 (Colo. 1968). There, the plaintiff was unable to timely file her claim because defendant's assault of her caused a hematoma that rendered her mentally incompetent. *Id*.

Courts have also found that equitable tolling is required when defendants' failure to provide certain information prevents a plaintiff from timely filing his claim. In *Garret*, the Supreme Court of Colorado affirmed the trial court's decision to toll the statute of limitations. *Garret v. Arrowhead Imp. Ass'n.*, 826 P.2d 850 (Colo. 1992). There, the defendant-employer purposely failed to give plaintiff the appropriate workers' compensation form, which resulted in him filing his claim after the limitations period expired. *Garret*, 826 P.2d at 854. Similarly, in *Strader* the court tolled the limitations period where the defendant failed to provide the plaintiff with information he was statutorily required to disclose. *Strader v. Beneficial Finance Co. of Aurora*, 551 P.2d 720 (Colo. 1976).

Here, plaintiff argues that "Mountain States acted wrongly and hid or obfuscated important facts preventing its inclusion in this lawsuit during the normal limitations period." ECF No. 80 at 9.  Plaintiff goes onto say that "[t]here was no information or evidence available to Plaintiff by which [he] could have concluded that 'Northern States' was a 'dba' name for Mountain States." *Id.*  He further argues that Mountain States acted wrongfully by obfuscating its true identity.  ECF No. 80 at 9.  He claims that an unidentified individual provided the name "Northern States Pressure Services" to a police officer who arrived on scene after the accident. *Id*. at 3.  He also claims that defendant acted wrongfully by having Northern States Pressure Services emblazoned across its vehicles.  *Id*. at 9.

Defendant argues that defendant's conduct cannot properly be classified as wrongful. ECF No. 81 at 6.  I agree.  On the contrary, these same facts show that plaintiff knew or should have known that there was a pressure service supplier on scene, apparently identified as Northern States Pressure Services.  Plaintiff could have named Northern States Pressure Services and, upon discovery that Mountain States was the correct name, amended his complaint to so indicate. Such an amendment would have related back to the date when Northern States was named.

Finally, in a last-ditch effort to circumvent the statute of limitations, plaintiff contends that holding him to the statute of limitations is unjust because Midwest Hose did not identify Mountain States as a non-party at fault until after the limitations period expired.  However, it is plaintiff's responsibility—not defendants'—to properly investigate a claim.  *Lavarato*, 210 P.3d at 489.  ("[a] plaintiff is responsible for determining who is liable for her injury and doing so before the statute of limitations expires.").

13

Ultimately, neither an extraordinary circumstance nor defendant's conduct precluded plaintiff from timely filing his claim. Rather, it was plaintiff's lack of diligence. Accordingly, the Court grants defendant Mountain States' motion to dismiss.

**ORDER**

1. Defendant Mountain States' motion to dismiss, ECF No. 77, is GRANTED.
2. As the prevailing party, defendant Mountain States is awarded reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.L Civ. R 54.1, to be taxed by the Clerk following the submission of a bill of costs pursuant to the rule.

DATED this 1st day of December, 2020.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge